UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARCIO H. JACOB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland Security, et al, )<br>)<br>Defendants. ) | Civil Action No. 05-10645 RCL |

**DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services; and Denis Riordan, Boston District Director, U.S. Citizenship and Immigration Services hereby move to dismiss this action for lack of subject matter jurisdiction. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants move for summary judgment. The reasons for the foregoing motion are set forth in the accompanying Memorandum of Law.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:  /s/ Mark T. Quinlivan
      MARK T. QUINLIVAN
      Assistant United States Attorney
      United States Attorney's Office
      John Joseph Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      617-748-3606

Dated: July 15, 2005

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

     Pursuant to Local Rule 7.1(a)(2), I certify that, on July 15, 2005, I placed a telephone call to the office of plaintiff's counsel, Susan E. Zak, Esq., to confer regarding this motion, and left a telephone message for her that I was calling to confer regarding this motion.
.

                    /s/ Mark T. Quinlivan
                    MARK T. QUINLIVAN
                    Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCIO H. JACOB, ) | |
| ) | Civil Action No. 05-10645 RCL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland Security, et al, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS OF RECORD

Pursuant to Local Rule 56.1, respondent, defendants Michael Chertoff, Secretary of Homeland Security, et al., hereby provides the following statement of material facts of record as to which there is no genuine issue to be tried.

1. When a person applies to the United States Citizenship and Immigration Services ("USCIS") for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety, as well as to ensure that the alien is eligible for the benefit which he or she is seeking. See Declaration of Denis Riordan ("Riordan Decl.") at 1.

2. USCIS also conducts investigations into the bona fides of petitions or applications that have been filed when the need arises, both to maintain the integrity of the application process and to ensure that there is no fraud in the application process. Id.

3. Plaintiff Marcio H. Jacob is a native and citizen of Brazil. See First Amended Complaint for Mandamus ¶ 2.

4. On April 13, 2002, plaintiff filed an I-485 Application for Adjustment of Status to Lawful Permanent Resident, which was was based upon an approved immigrant visa petition ("I-140") that was filed on his behalf by his employer. Id. ¶¶ 10-11 & Exhibits A, B.

5. Plaintiff's current employer, Bugaboo Creek, filed an Application for Alien Employment Certification with the United States Department of Labor on plaintiff's behalf, which was supported by a document indicating that plaintiff had prior work experience in Brazil as a cook. See Riordan Decl. at 1-2.

6. The Alien Employment Certification was granted by the Department of Labor on September 18, 2001, and filed with the former Immigration and Naturalization Service ("INS") in connection with an employment-based visa petition on January 8, 2002, and the visa petition was subsequently approved by the INS on February 25, 2002. Id. at 2.

7. Subsequent to these events, a question has arisen as to whether plaintiff did, in fact, have the necessary work experience in Brazil to qualify him for the labor certification granted by the Department of Labor. Id.

8. On March 10, 2005, USCIS sought information, through diplomatic channels, to determine whether plaintiff had the necessary work experience in Brazil that would qualify him for the labor certification granted by the Department of Labor. Id.

9. As of June 20, 2005, the requested information relevant to the investigation had not yet been obtained. Id.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant United States Attorney
        United States Attorney's Office
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617-748-3606

Dated: July 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Marcio H. Jacob

Plaintiff

      VS                       Case No. 05cv10645 RCL

Michael Chertoff
Secretary, U.S. Department of Homeland Security

Eduardo Aguirre, USCIS Director
Denis Riordan, Boston District Director

Defendants

I, Denis Riordan, hereby declare:

I am the District Director of the Boston, MA District office for the United States Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS). I oversee the adjudication of applications for benefits including applications for adjustment of status in the Boston District. In my capacity as District Director and based upon reasonable inquiry and my knowledge, information and belief, I declare the following:

1. When a person applies to USCIS for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety and to ensure that the alien is eligible for the benefit which he/she is seeking. In addition to these background and security checks, USCIS also conducts investigations into the bona fides of each and every petition or application filed with it when the need arises to do so. This is done to maintain the integrity of the application process and to insure that there is no fraud in the application process. In the instant case the subject is seeking to adjust his status to permanent resident based on an approved employment based visa petition as a skilled worker (cook) pursuant to section 203(b)(3)(A)(i) or (ii) of the Immigration and Nationality Act. An employment based visa petition was filed by subject's current employer (Bugaboo Creek) on behalf of the subject. Bugaboo Creek also filed an Application for Alien Employment Certification with the United States Department of Labor on behalf of the subject. Said application for Employment

Certification was supported by a document indicating that subject had prior work experience in Brazil as a cook. The certification of the Department of Labor was granted on September 18, 2001. This "labor certification" was filed with an employment based visa petition filed with the Immigration and Naturalization Service by Bugaboo Creek on January 8, 2002. Said visa petition was subsequently approved on February 25, 2002. Said approval was necessarily based, in part, on the work experience that subject obtained in Brazil. Subsequent to the aforementioned approval, an issue has arisen as to whether subject had, in fact, had the necessary work experience in Brazil to qualify him for the labor certification granted in his case and the subsequent approval of an employment based visa petition filed on his behalf. USCIS has taken steps, through diplomatic channels, on March 10, 2005, to investigate whether the subject had the necessary work experience in Brazil that qualified him for the aforementioned benefits. At this point, the requested investigation has not been completed. When said investigation is completed USCIS will promptly take the appropriate steps to adjudicate subject's status adjustment application.

I declare under penalty of perjury that, based upon reasonable inquiry and my knowledge, information and belief, the foregoing is true and correct.

Executed on the 20th day of June, 2005 at Boston, MA

*Denis C. Riordan*

Denis Riordan
District Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Boston, MA